UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHARON H. COX, | ) | |
| | ) | |
|       Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 07-149-P-H |
| | ) | |
| MITSUBISHI HEAVY INDUSTRIES, | ) | |
| AMERICA, INC., et al., | ) | |
| | ) | |
|       Defendants | ) | |

### MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff has moved for an order compelling the Occupational Safety and Health Administration (OSHA) of the U. S. Department of Labor, a non-party to this action, to comply in full with a Rule 45 subpoena *duces tecum* that she served on OSHA on September 18, 2007. Motion to Compel ("Motion") (included in Docket No. 18). The motion is granted.

### Background

This case arises out of a fatal accident on September 2, 2005 at The Dingley Press in Lisbon, Maine. First Amended Complaint (Docket No. 15)) ¶¶ 7, 10-12. On September 25, 2007 the plaintiff filed a return of service of the subpoena on OSHA. Docket No. 10. By letter dated November 5, 2007 counsel for the plaintiff requested a discovery dispute conference, including with her letter a draft motion to compel which she sought leave to file. Docket No. 18 ("Request Letter"). Also enclosed with the letter was a copy of the subpoena. *Id*.

On November 8, 2007 I held a telephone conference with counsel for the plaintiff, the defendants and OSHA. Docket No. 22. After discussion, during which I determined that the defendants' position was the same as that of the plaintiff on this issue, I ordered counsel for OSHA to

1

file a letter response to the November 5 letter of plaintiff's attorney no later than November 15, 2007. *Id*. The plaintiff's attorney agreed to file any letter of reply by November 19. *Id*. Counsel for OSHA was ordered to "address the specific arguments made by the plaintiff, support OSHA's position with citations to authority and indicate whether OSHA questions the authority of this court in the context of this discovery dispute to order it to produce any of the requested records should the court determine that the plaintiff is entitled to them." *Id*.

By letter dated November 16, 2007 counsel for the plaintiff responded to "OSHA's Letter of Opposition dated November 15, 2007." Docket No. 25. On November 19, 2007 OSHA's letter ("Opposition Letter") arrived in the clerk's office of this court by mail and was filed.[1] Docket No. 26. On November 29, 2007 I held another telephone conference with counsel for the plaintiff, defendants, OSHA and the newly-added third-party defendant. During this conference, counsel for the plaintiff confirmed that she did not wish to file any additional legal argument notwithstanding the fact that the copy of OSHA's Opposition Letter sent to her did not include enclosures to which that letter referred, but which accompanied OSHA's filing in court.[2] Counsel for the parties involved in this dispute agreed during the conference that the following are the issues to be decided by the court:

> (i) The threshold issue is whether it is appropriate for this court to address the merits of the Freedom of Information Act (FOIA) issue raised as a defense to the non-party Rule 45 subpoena *duces tecum* in the context of a discovery dispute.
>
> (ii) If the answer to the threshold issue is "yes," the next question is whether the documents that OSHA withheld were properly withheld under FOIA.

---

[1] Counsel for OSHA is reminded that placing in the mail on November 15 a document that he was required by this court to file on November 15 did not constitute filing and thus did not comply with the court's order.

[2] Counsel for OSHA stated that he did not send the enclosures to the plaintiff's attorney because the enclosures had been provided to her earlier. There was no way that the plaintiff's attorney could have known this from the face of OSHA's letter and indeed she expressed surprise in response to this statement during the telephone conference. I reminded counsel for OSHA that copies of all documents filed with the court should always be served on opposing counsel.

**The First Issue**

The subpoena at issue seeks "a complete copy of the file and investigation surrounding Kayla Cox's death on September 2, 2005." Subpoena in a Civil Case (Attachment 3 to Motion). OSHA's written response to the subpoena, if any, has not been made part of the record.[3] In her letter requesting a discovery dispute conference, counsel for the plaintiff stated that "OSHA produced most of the documents, but withheld all information concerning the identities of witnesses and the witness statements." Request Letter at 1. OSHA's letter of opposition appears to confirm this, as it discusses the plaintiff's "subpoena and Freedom of Information Act (FOIA) request for any statements taken by OSHA in its investigation of Dingley Press, Inc." Opposition Letter at [1].

OSHA first contends that "it is premature for the Court to make a ruling on whether the Department [of Labor] must turn over the statements[]" because the plaintiff's attorney has not exhausted the administrative procedure set forth in the Department of Labor's regulations and, once she has done so, the "proper recourse for challenging a final agency action is to file an action under the A[dministrative] P[rocedure] A[ct.]" *Id.* at [1]-[2]. The assertion that the plaintiff has not exhausted her administrative remedies is curious, as a letter dated January 30, 2007 from William W. Thompson, II, Associate Solicitor for Management and Administrative Legal Services of the Department of Labor, to the plaintiff's attorney headed "Re: FOIA Appeal No. 060247" states, "This appeal decision constitutes final agency action for purposes of judicial review." Letter dated January 30, 2007 (included in Attachment 1 to letter dated November 16, 2007 from counsel for the plaintiff to the court ("Reply Letter") (Docket No. 25)). OSHA also takes the position that it is prohibited from furnishing the information sought under its regulations "without the approval of the appropriate Deputy Solicitor

---

[3] The Request Letter itself lists three attachments and identifies the third as "a copy of the OSHA response to the subpoena[.]" Request Letter at 1. The attachments actually on file are a certificate of service of the discovery conference request (Attachment 1), the draft motion to compel (Attachment 2) and the subpoena and its return of service (Attachment 3).

3

of Labor[,]"Opposition Letter at [1], but does not explain how this establishes that "a requester's [lack of] compliance with the regulations," *id*. at [1]-[2], has occurred in this case or even whether it is the burden of the party serving the subpoena to insure that word of the subpoena gets to the appropriate deputy solicitor. OSHA is completely silent on the question whether any such approval was sought by any party in this case and, if it is the burden of the party serving the subpoena to do so, how it might accomplish that task.

OSHA next contends that it is not a "person" within the meaning of Fed. R. Civ. P. 45, so that no subpoenas may be validly served on it. *Id*. at [2]. Finally, OSHA asserts that, because the plaintiff also made a separate FOIA request for the witness statements, "this Court has no jurisdiction to adjudicate whether the Department properly withheld the information under FOIA, absent the filing of a complaint under 5 U.S.C. § 552(a)(4)(B)." *Id*. Enclosed with the letter, but not mentioned in it, is a copy of what appears to be a portion of a brief or memorandum of law in a case involving the Fair Labor Standards Act which discusses "a privilege in FLSA enforcement actions which permits the Secretary to withhold the names of people who have given statements as well as the statements themselves." Excerpt entitled "Argument" (enclosed in Opposition Letter) at [2].

If OSHA intends to rely on the argument that it is not a person subject to subpoena, its remedy is to bring a motion to quash the subpoena, which it has not done. In fact, it has apparently produced some documents in response to the subpoena. In addition, I find the opinion cited by OSHA in support of this argument, *Robinson v. City of Philadelphia*, 233 F.R.D. 169 (E.D. Pa. 2005), to be unpersuasive. I am convinced that the expansive and scholarly examination of this question in *In re Vioxx Prods. Liab. Litig.*, 235 F.R.D. 334, 338-42 (E.D.La. 2006), rejecting this argument, represents the better view. *See also Yousuf v. Samantar*, 451 F.3d 248, 254-57 (D.C.Cir. 2006).

OSHA's final argument on this issue, for which it cites no authority, is similarly unavailing. In *In re Apollo Group, Inc. Sec. Litig.*, 2007 WL 778653 (D.D.C. Mar. 12, 2007), a party (Apollo) moved to compel the non-party federal Department of Education to produce certain documents pursuant to a subpoena that had been duly served, *id*. at *1. Over the department's objection, the court concluded that Apollo could pursue the production of the documents via a motion to compel. *Id*. As was the case here, Apollo first served the department with a FOIA request, to which the department made a partial response. *Id*. at *2. After Apollo appealed, the department issued a final determination refusing to release other requested documents. *Id*. Apollo then served the department with the subpoena at issue. *Id*. After the department formally refused to comply with the subpoena, Apollo filed a motion to compel. *Id*. at *3. The department opposed the motion and filed a cross-motion to quash the subpoena. *Id*. The department argued that "its decision not to produce the requested records in response to Apollo's Amended Subpoena [could] only be reviewed under the Administrative Procedure Act [('APA'),]" *id*. at 5, and that "such review cannot obtain in the present action because Apollo has not filed an APA complaint[,]" *id*. at 6. Noting that Apollo could have brought a FOIA action under 5 U.S.C. § 522(B) or an APA action, *id*., the court held that "nothing in the [District of Columbia] Circuit's case law forecloses Apollo from pursuing its chosen avenue, a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45," and that the motion to compel was properly brought, *id*. at *6-*7.

Here, OSHA has not cited any First Circuit case law that forecloses the plaintiff from pursuing a motion to compel under the circumstances of this case. I find the reasoning of the *Apollo Group* judge to be persuasive. It is appropriate for this court to take up the issue presented in this case in the

context of a discovery dispute and I accordingly grant the plaintiffs' motion for leave to file the motion to compel that is Attachment 2 to the Request Letter.[4]

### The Second Issue

OSHA contends that the "arbitrary and capricious" standard of review applicable under the ABA applies to any consideration of the merits of this dispute. Opposition Letter at [2]. To the contrary, the proper standard of review is the relevance standard articulated in Rules 26 and 45. *Apollo Group*, 2007 WL 778653 at *7.

> FOIA creates a strong presumption in favor of disclosure, and requires this court to conduct a *de novo* review of the government agency's determination to withhold requested information. The government agency bears the burden of proving that withheld materials are exempt.

*Hronek v. DEA*, 16 F.Supp.2d 1260, 1265 (D. Or. 1998) (citations omitted). Here, OSHA apparently relies entirely on the so-called "informer's privilege," *see* "Argument," asserting that "[p]ersons who provide information to the Department [of Labor] in the course of its inspections are routinely promised confidentiality by OSHA. It is manifest that without a promise of confidentiality, employees and others will be reluctant to talk to government investigators[,]" Opposition Letter at [1]. Notable by its absence from OSHA's letter of opposition is any statement that the individual witnesses who provided statements to OSHA in this case were in fact promised confidentiality.

Nor does OSHA take issue with the plaintiff's assertion that the employer, Dingley Press, knows the identity of the individuals who worked with the decedent and witnessed her death. Motion at 4. This fact strips away much if not all of the force of OSHA's invocation of the privilege, which is created by 5 U.S.C. § 522(b)(7)(C)[5] and is intended to prevent disclosure of the identity of individuals where such disclosure would likely cause harassment or embarrassment or lead to employer

---

[4] I thus treat OSHA's Opposition Letter as its opposition to the Motion and the plaintiff's Reply Letter as her reply thereto.
[5] Section 522(b) is a list of the exclusive exemptions to the general rule of FOIA that federal government agencies may not withhold (*continued on next page*)

6

retaliation.  *Cuccaro v. Secretary of Labor*, 770 F.2d 355, 359 (3d Cir. 1985) (harassment or embarrassment); *Cooper Cameron Corp. v. United States Dep't of Labor*, 280 F.3d 539, 546-47 (5th Cir. 2002) (retaliation).  In addition, OSHA has made no attempt to show that the individuals who provided it with statements during its investigation of the death of the plaintiff's decedent are likely to be harassed or embarrassed or subjected to retaliation by Dingley Press if their statements are provided to the plaintiff and to the defendant.

OSHA's failure to assert that the individuals who provided it with statements about the accident at issue were promised confidentiality is fatal as well to any attempt it might be making to rely on the exemption created by 5 U.S.C. § 522(b)(7)(D) because it has made no showing that its investigation of the accident was criminal in nature.  *See Cooper Cameron*, 280 F.3d at 550; *see also Irons v. FBI*, 880 F.2d 1446, 1455 (1st Cir. 1989).  While it is possible that a promise of confidentiality may be made implicitly, *Cooper Cameron*, 280 F.3d at 550, in this case OSHA has shown no reason why such a promise would have evoked more accurate statements from the witnesses or otherwise induced their cooperation.  Nor does implied confidentiality exist where the success of an investigation does not depend upon information from individuals "who . . . would suffer severe detriment if their identities were known," *T.V. Tower, Inc. v. Marshall*, 444 F. Supp. 1233, 1236 (D.D.C. 1978), as is the case here, for all that appears in the record before the court.

The fact that the plaintiff already knows the identity of these individuals and may take their depositions does not, contrary to OSHA's argument, "Argument" at 2, render their earlier statements, made much closer in time to the events at issue, irrelevant.  Nor is the public interest in effective law enforcement, *id*., necessarily hampered by the release of the witness statements under the specifically limited circumstances of this case.

---

government documents.  *Hronek*, 16 F.Supp.2d at 1265.

## Conclusion

For the foregoing reasons, the plaintiff's motion to compel is **GRANTED**. OSHA and/or the Department of Labor is hereby ordered to produce any documents and any information included in such documents that are responsive to the subpoena served by the plaintiff and have to date been withheld from production, no later than December 16, 2007.

Dated this 6th day of December, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge